Grafton, }
Jan. 6, 1953. }  No. 4161.

WALTER J. MOORE & *a.* *v.* LEONE EASTMAN.

*Joseph Moore* (by brief and orally), for the plaintiffs.

*John F. Cronin* and *Richard F. Upton* (*Mr. Upton* orally), for the defendant.

LAMPRON, J. The objection of plaintiffs' counsel that the appraisal was not made after notice or hearing is of no avail. As a matter of fact, he was notified of the time of appraisal and offered the opportunity to accompany the appraiser. As a matter of law, since the agreement did not provide for notice or hearing none was required. *Sebree* v. *Board of Education*, 254 Ill. 438; *Eliot* v. *Coulter*, 322 Mass. 86.

Another reason for objection on behalf of the plaintiffs is that the appraisal was unfair because "the contract specified an 'appraisal' on the basis of the 'fair market value' under a Quitclaim Deed conveyance in it commonalty of incumbrances—not on the basis of an estate sole, on a warranty of no incumbrances . . . which both parties knew could not be given." As we understand the above, the plaintiffs are arguing that the amount which they should pay is the fair market value of an undivided one-quarter interest in the property instead of "one-fourth of the present fair market value of said real estate" which is what the agreement specifies.

Plaintiffs argue further that in arriving at the fair market value of the premises the appraiser should have considered the fact that the title is in several persons one of whom is missing. Counsel for plaintiffs admitted knowledge of these facts when he entered into the agreement but made no provisions therefor in it. Proceedings for sale of the whole premises can be instituted under R. L., c. 410, and the interest of the missing person dealt with thereunder and also under R. L., c. 352, ss. 18, 19, if necessary. This should not involve too great an expenditure of money.

The evidence supported the Court's findings that counsel for plaintiffs entered into the agreement "with full knowledge of the situation concerning a missing party" and that "the expense attached to a partition proceeding in order to sell the property involved is negligible and any cloud on the title could be removed." The further finding that "no error is found in the appraisal" is also sustained by the testimony of Murphy that it was "a fair market value of the house and land as I found it."

There was therefore a valid agreement between counsel filed in court to dispose of a pending matter. *Burtman* v. *Butman*, 94 N. H. 412, 415. Counsel for plaintiffs having failed to comply with

its terms, the Trial Court was justified in ordering him "to perform specifically." *Barber* v. *Company*, 80 N. H. 507, 513; *Hubley* v. *Goodwin*, 91 N. H. 200, 203; *Moore* v. *Lebanon*, 96 N. H. 20.

*Exceptions overruled.*

All concurred.